UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CATHI A. GUIDARA,

    Plaintiff,

v.

RAS LAVRAR, LLC,
FLYNN LAVRAR, and
TD BANK USA, N. A.

    Defendants.

_____/

**COMPLAINT**
**FOR ACTUAL, STATUTORY AND PUNITIVE DAMAGES**
**JURY DEMAND**

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the tort of wrongful garnishment.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendants filed a state court garnishment proceeding against Plaintiff's property in this District.

**PARTIES**

3.    Plaintiff, CATHI A. GUIDARA, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.    Defendant, RAS LAVRAR, LLC, ("RAS") is a limited liability company formed under the laws of the State of Florida and citizen of the State of Florida with its

principal place of business at Second Floor, 1133 South University Drive, Plantation, Florida 33324.

5. Defendant, RAS, is registered with the Florida Department of State Division of Corporations as a domestic limited liability company.

6. RAS regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. RAS regularly collects or attempts to collect debts due to other parties.

8. Defendant, FLYNN LAVRAR, ("LaVrar") is natural person believed to be a citizen of the State of Florida residing in Broward County, Florida.

9. LaVrar is a member of the Florida Bar and believed to be a principal and or employee of RAS, practicing law at Second Floor, 1133 South University Drive, Plantation, Florida 33324.

10. LaVrar regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

11. LaVrar regularly collects or attempts to collect debts due to other parties.

12. Defendant, TD Bank USA N. A. ("TD Bank") is a bank chartered under the National Bank Act with its headquarters at 2035 Limestone Road Wilmington, Delaware 19808.

## FACTUAL ALLEGATIONS

13. About 10 years ago, Target National Bank, then a wholly owned subsidiary of Target Corporation, issued a credit card to Plaintiff.

14. Plaintiff used the credit card for personal, family and household purposes.

2

15. The alleged debt went into default.

16. On or about November 21, 2011, Target National Bank, filed suit against Plaintiff in state court in Broward County, Florida seeking a judgment regarding the alleged credit card debt.

17. On or about November 19, 2012, Target National Bank obtained a default final judgment against Plaintiff, ("the judgment") attached as Exhibit "A".

18. On or about May 21, 2013, Target National Bank filed a notice in the state court case entitled "Notice of Change of Party Plaintiff and Request for the Court to Take Judicial Notice of Pursuant to Florida Statute 90.202 and 90.203", ("the notice"), attached as Exhibit "B".

19. The notice has two attachments. The first states that on February 21, 2013, the United States Comptroller of Currency issued a *conditional* approval of the sale of substantially all of the assets of Target National Bank, including Target National Bank's credit card portfolio, to TD Bank. The Comptroller's approval letter states that upon consummation of the sale, Target National Bank will cease to exist.

20. The second attachment to the notice is a March 13, 2013 press release issued by TD Bank claiming that the sale approved by the Comptroller of Currency was consummated on March 13, 2013.

21. The notice states in relevant part "TD Bank USA, N. A. *should* now be substituted as the party plaintiff in this action." (emphasis added).

22. A press release is not a document of sufficient reliability to fall within the types of documents upon which judicial notice may rest as enumerated in Florida Statute 90.202.

23. A *conditional* approval of the sale of substantially all of the assets of Target National Bank, including Target National Bank's credit card portfolio, to TD Bank is not a document of sufficient reliability to fall within the types of documents upon which judicial notice should be taken as enumerated in Florida Statute 90.202.

24. The notice does not contain any document of the definitive and unquestionable veracity specified in and required by Florida Statute 90.202 that could form the basis for the taking of judicial notice.

25. There is nothing in the state court record demonstrating that the state court did in fact take judicial notice of any substitution of parties from Target National Bank to TD Bank.

26. At no time during the state court proceeding did anyone file a motion for substitution of parties from Target National Bank to TD Bank.

27. There is nothing in the state court record that demonstrates that TD Bank became a party to the suit or that TD Bank became the record holder of the judgment issued in favor of Target National Bank.

28. TD Bank is not the holder of the state court judgment entered in favor of Target National Bank.

29. At some point after the entry of judgment, Target and or TD Bank retained RAS to collect the judgment.

30. On or about April 12, 2018, TD Bank (not the holder of the judgment, Target National Bank) represented by RAS and LaVrar, filed a motion for a writ of garnishment ("the first writ") against Plaintiff's bank account at Wells Fargo Bank N. A., ("Wells Fargo"), attached as Exhibit "D".

31. On or about April 23, 2018, the state court issued the writ, attached as Exhibit "E".

32. At the time the first motion for writ of garnishment was filed TD Bank was **not** the judgment holder of record.

33. Because TD Bank was not the judgment holder of record it had no legal authority to garnish on Plaintiff's bank account.

34. On or about May 7, 2018, Wells Fargo was served with the writ. See affidavit of service, attached as Exhibit "E".

35. On or about May 10, 2018, RAS served a notice on Plaintiff required by Florida Statute 77.041, attached as Exhibit "F".

36. On or about May 18, 2018, Wells Fargo filed its answer to the writ of garnishment, attached as Exhibit "G".

37. On or about June 7, 2018, RAS and Flynn filed a notice of voluntary dismissal of the Wells Fargo writ of garnishment, attached as Exhibit "H".

38. Fla. Stat. § 77.055 reads in relevant part:

§ 77.055. Service of garnishee's answer and notice of right to dissolve writ.

Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice

5

>advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. The plaintiff shall serve these documents on the defendant at the defendant's last known address and any other address disclosed by the garnishee's answer and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee. The plaintiff shall file in the proceeding a certificate of such service.

Fla. Stat. § 77.055

39. Wells Fargo filed its answer (Exhibit "H") on May 18, 2018 and thus Defendants were required to serve Plaintiff a notice of her right to dissolve the writ no later than 5 days thereafter or May 25, 2018. Even adding the 5 additional days for mail, Defendants were required to serve the Fla. Stat. § 77.055 notice on Plaintiff no later than May 30, 2018.

40. Defendants never served Plaintiff with the notice required by Fla. Stat. § 77.055 which was due no later than May 30, 2018 and did not voluntarily dismiss the garnishment until June 7, 2018, Exhibit "H".

41. Garnishment statutes are strictly construed:

>Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment. Florida law requires garnishment statutes to be strictly construed. *Gigliotti Contracting North, Inc. v. Traffic Control Products of North Florida, Inc.,* 788 So. 2d 1013, 1016 (Fla. 2d DCA 2001).

*DiFrancesco v. Home Furniture Liquidators, Inc.*, 2009 U.S. Dist. LEXIS 736 * (S.D. Fla. January 6, 2009)

42. Defendants failed to comply with Florida law with respect to the first writ of garnishment to Wells Fargo in two ways, first, Defendants had no probable cause to garnish at all because TD Bank was not the judgment holder of record and, second,

6

because once Defendants failed to provide the notice required by Fla. Stat. § 77.055 which was due no later than May 30, 2018, any probable cause that did exist evaporated.

43. The relevant standard for wrongful garnishment is "the defendant commenced or *continued* a proceeding against the plaintiffs" (emphasis added) <u>Barniv v. BankTrust</u>, 579 F. App'x 719, 720 (11th Cir. 2014).

44. Defendants are familiar with the law of garnishment because they have all been involved in hundreds if not thousands of garnishments in Florida courts.

45. Defendants maliciously and knowingly and wrongfully garnished on Plaintiff's account at Wells Fargo.

46. On or about August 22, 2018, TD Bank (not the holder of the judgment, Target National Bank) represented by RAS and LaVrar, filed a second motion for a writ of garnishment ("the second writ") against Plaintiff's bank account at Bank of America N. A., ("Bank of America"), attached as Exhibit "I".

47. Regarding the motion for a second writ of garnishment, RAS and LaVrar made a false representation to a tribunal that TD Bank was the Plaintiff in the state court action and that TD Bank was the record holder of the judgment and did so to improperly obtain a writ of garnishment for TD Bank. Over four years ago the 11th Circuit dealt with the issue of whether a representation of a debt collector made in a state court proceeding could be held to violate §1692e of the FDCPA, and determined it could. The FDCPA prohibits false representations to *anyone* :

> The same holds true for § 1692e. Section 1692e broadly prohibits "*any* false, deceptive, or misleading representation or means *in connection with the collection of any debt." Id.* § 1692e (emphasis added). A particular class

7

of persons to whom such representations or means cannot be directed is not specified; rather, in listing examples of conduct that would violate § 1692e, Congress explicitly provided examples of conduct directed to consumers and other persons alike. A debt collector may violate § 1692e by threatening "to take any action that cannot legally be taken," using "any false representation or deceptive means . . . to obtain information concerning a consumer," or by failing to disclose in an initial written communication "with the consumer" that the communication is from a debt collector. *See id.* § 1692e(5), (10), (11). As such, § 1692e is naturally read to bar "any" prohibited representation, regardless of to whom it is directed, *so long as* it is made "in connection with the collection of any debt." *See id.* § 1692e.

*Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291 (11th Cir. June 30, 2015)

48. On or about August 30, 2018, the state court issued the writ, attached as Exhibit "J".

49. At the time the second motion for writ of garnishment was filed TD Bank was **not** the judgment holder of record.

50. Since TD Bank was not the judgment holder of record it had no legal authority to garnish on Plaintiff's bank account.

51. On or about September 6, 2018, Bank of America was served with the writ. See affidavit of service, attached as Exhibit "K".

52. On or about September 11, 2018, Bank of America filed its answer to the writ of garnishment, attached as Exhibit "L".

53. Fla. Stat. § 77.041 reads in relevant part:

(2) The plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the "Notice to Defendant" to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later. However, if such documents are returned as undeliverable by the post office, or if the last known address is not discoverable

8

>after diligent search, the plaintiff must mail, by first class, the documents to the defendant at the defendant's place of employment. The plaintiff shall file in the proceeding a certificate of such service.

Fla. Stat. § 77.041

54. Defendants never served the notice required by Fla. Stat. § 77.041 on Plaintiff which was due no later than 3 days after the writ was served on Bank of America or September 14, 2018.

55. On September 11, 2018, Plaintiff paid the full amount of the judgment of $2,499.53 in cash directly to RAS. See cash receipt reciting "balance in full" attached as Exhibit "M".

56. In the days after Plaintiff paid the full amount of the judgment, she repeatedly telephoned RAS and explained that the $2,499.53 in cash she paid wiped-out all her available funds and she needed access to the balance of her Bank America account of about $600 for food and other necessities and that Bank of America had not released her garnished funds. Bank of America had put a hold on Plaintiff's bank balance of about $600 from the day it was served with the writ of garnishment.

57. Despite these pleas, Defendants took a full week to file a notice of voluntary dismissal.

58. On or about September 17, 2018, RAS and Flynn filed a notice of voluntary dismissal of the Bank of America writ of garnishment, attached as Exhibit "N".

59. Defendants had no probable cause in the first place to garnish on Plaintiff's Bank of America account because TD Bank was not the judgment holder of record, and any probable cause they did have evaporated on September 11, 2018 when Plaintiff

9

satisfied the judgment in full and further evaporated on September 14, 2018 when Defendants failed to serve Plaintiff with the notice due her pursuant to Fla. Stat. § 77.041.

60. The relevant standard for wrongful garnishment is "the defendant commenced or *continued* a proceeding against the plaintiffs" (emphasis added) Barniv v. BankTrust, 579 F. App'x 719, 720 (11th Cir. 2014).

61. Defendants acted in malice to harass Plaintiff.

62. Plaintiff suffered damages as a result of Defendants improper actions and seeks statutory, compensatory and punitive damages.

63. TD Bank either authorized or directed the actions of RAS complained of herein.

64. On or about October 18, 2018, RAS recorded a satisfaction of judgment on behalf of Target National Bank, attached as Exhibit "O".

65. Because Defendants filed a satisfaction of judgment on behalf of Target National Bank (not TD Bank) it shows that Defendants did not believe that TD Bank was the judgment holder.

## COUNT I
## WRONGFUL GARNISHMENT AGAINST TD BANK REGARDING THE FIRST WRIT OF GARNISHMENT - NO LEGAL AUTHORITY TO GARNISH

66. Plaintiff incorporates Paragraphs 1 through 65.

67. Defendant, TD Bank, wrongfully garnished on Plaintiff's bank account at Wells Fargo because TD Bank was not a party to the state court action, not the Plaintiff and not the judgment holder of record, and thus had no legal authority to garnish. TD Bank acted with knowledge of the true facts and malice.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, TD Bank USA N. A., for:

    a.    Actual and Punitive damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
### WRONGFUL GARNISHMENT AGAINST TD BANK REGARDING THE FIRST WRIT OF GARNISHMENT - PROBABLE CAUSE EVAPORATED

68.    Plaintiff incorporates Paragraphs 1 through 65.

69.    Defendant, TD Bank, wrongfully garnished on Plaintiff's bank account at Wells Fargo because TD Bank failed to provide the required statutory notice to Plaintiff of her rights and thus any probable cause that may have existed evaporated. TD Bank improperly continued a garnishment proceeding without providing Plaintiff notice of her rights. TD Bank acted with knowledge of the true facts and malice.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, TD Bank USA N. A., for:

    a.    Actual and Punitive damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
### WRONGFUL GARNISHMENT AGAINST RAS REGARDING THE FIRST WRIT OF GARNISHMENT - NO LEGAL AUTHORITY TO GARNISH

70.    Plaintiff incorporates Paragraphs 1 through 65.

71. Defendant, RAS, wrongfully garnished on Plaintiff's bank account at Wells Fargo because TD Bank was not a party to the state court action, not the Plaintiff and not the judgment holder of record, and thus had no legal authority to garnish. RAS acted with knowledge of the true facts and malice.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, RAS, for:

    a.    Actual and Punitive damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## WRONGFUL GARNISHMENT AGAINST RAS REGARDING THE FIRST WRIT OF GARNISHMENT - PROBABLE CAUSE EVAPORATED

72. Plaintiff incorporates Paragraphs 1 through 65.

73. Defendant, RAS, wrongfully garnished on Plaintiff's bank account at Wells Fargo because RAS failed to provide the required statutory notice to Plaintiff of her rights and thus any probable cause that may have existed evaporated. RAS improperly continued a garnishment proceeding without providing Plaintiff notice of her rights. RAS acted with knowledge of the true facts and malice.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, RAS, for:

    a.    Actual and Punitive damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## WRONGFUL GARNISHMENT AGAINST LAVRAR REGARDING THE FIRST WRIT OF GARNISHMENT - NO LEGAL AUTHORITY TO GARNISH

74. Plaintiff incorporates Paragraphs 1 through 65.

75. Defendant, LaVrar, wrongfully garnished on Plaintiff's bank account at Wells Fargo because TD Bank was not a party to the state court action, not the Plaintiff and not the judgment holder of record, and thus had no legal authority to garnish. LaVrar acted with knowledge of the true facts and malice.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, LaVrar, for:

      a. Actual and Punitive damages;

      b. Attorney's fees, litigation expenses and costs of suit; and

      c. Such other or further relief as the Court deems proper.

## COUNT VI
## WRONGFUL GARNISHMENT AGAINST LAVRAR REGARDING THE FIRST WRIT OF GARNISHMENT - PROBABLE CAUSE EVAPORATED

76. Plaintiff incorporates Paragraphs 1 through 65.

77. Defendant, LaVrar, wrongfully garnished on Plaintiff's bank account at Wells Fargo because LaVrar failed to provide the required statutory notice to Plaintiff of her rights and thus any probable cause that may have existed evaporated. LaVrar improperly continued a garnishment proceeding without providing Plaintiff notice of her rights. LaVrar acted with knowledge of the true facts and malice.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, LaVrar, for:

13

      a.      Actual and Punitive damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT VII
## FALSE STATEMENTS MADE TO A TRIBUNAL AGAINST RAS REGARDING SECOND MOTION FOR WRIT OF GARNISHMENT

78.    Plaintiff incorporates Paragraphs 1 through 65.

79.    Defendant, RAS, falsely represented to the state court in the second motion for writ of garnishment Exhibit "I" that TD Bank was the Plaintiff in the state court action and was the judgment holder of record in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, RAS, for:

      a.      Damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT VIII
## FALSE STATEMENTS MADE TO A TRIBUNAL AGAINST LAVRAR REGARDING SECOND MOTION FOR WRIT OF GARNISHMENT

80.    Plaintiff incorporates Paragraphs 1 through 65.

81.    Defendant, LaVrar, falsely represented to the state court in the second motion for writ of garnishment Exhibit "I" that TD Bank was the Plaintiff in the state court action and was the judgment holder of record in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, LaVrar, for:

14

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

### COUNT IV
### USE OF DECEPTIVE MEANS TO COLLECT A DEBT AGAINST RAS REGARDING SECOND MOTION FOR WRIT OF GARNISHMENT

82. Plaintiff incorporates Paragraphs 1 through 65.

83. Defendant, RAS, used a deceptive means to collect a debt by failing to provide Plaintiff with notice of her right to dissolve the second writ of garnishment as required by Fla. Stat. § 77.041, by continuing a garnishment proceeding when the debtor had fully satisfied the judgment via payment in cash, by garnishing on behalf of TD Bank when it was not the judgment holder, all in violation of 15 U.S.C. §1692e(10).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, RAS, for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

### COUNT X
### USE OF DECEPTIVE MEANS TO COLLECT A DEBT AGAINST LAVRAR REGARDING SECOND MOTION FOR WRIT OF GARNISHMENT

84. Plaintiff incorporates Paragraphs 1 through 65.

85. Defendant, LaVrar, used a deceptive means to collect a debt by failing to provide Plaintiff with notice of her right to dissolve the second writ of garnishment as required by Fla. Stat. § 77.041, by continuing a garnishment proceeding when the debtor

had fully satisfied the judgment via payment in cash, by garnishing on behalf of TD Bank when it was not the judgment holder, all in violation of 15 U.S.C. §1692e(10).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, LaVrar, for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT XI
## WRONGFUL GARNISHMENT AGAINST TD BANK REGARDING THE SECOND WRIT OF GARNISHMENT - NO LEGAL AUTHORITY TO GARNISH

86.    Plaintiff incorporates Paragraphs 1 through 65.

87.    Defendant, TD Bank, wrongfully garnished on Plaintiff's bank account at Bank of America because TD Bank was not a party to the state court action, not the Plaintiff and not the judgment holder of record, and thus had no legal authority to garnish. TD Bank acted with knowledge of the true facts and malice.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, TD Bank USA N. A., for:

    a.    Actual and Punitive damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT XII
## WRONGFUL GARNISHMENT AGAINST TD BANK REGARDING THE SECOND WRIT OF GARNISHMENT - PROBABLE CAUSE EVAPORATED

88.    Plaintiff incorporates Paragraphs 1 through 65.

89. Defendant, TD Bank, wrongfully continued a garnishment on Plaintiff's bank account at Bank of America after Plaintiff fully satisfied the judgment through a cash payment and after it failed to provide the required statutory notice to Plaintiff of her rights and thus any probable cause that may have existed evaporated. TD Bank acted with knowledge of the true facts and malice.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, TD Bank USA N. A., for:

    a.    Actual and Punitive damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT XIII
## WRONGFUL GARNISHMENT AGAINST RAS REGARDING THE SECOND WRIT OF GARNISHMENT - NO LEGAL AUTHORITY TO GARNISH

90. Plaintiff incorporates Paragraphs 1 through 65.

91. Defendant, RAS, wrongfully garnished on Plaintiff's bank account at Bank of America because TD Bank was not a party to the state court action, not the Plaintiff and not the judgment holder of record, and thus had no legal authority to garnish. RAS acted with knowledge of the true facts and malice.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, RAS, for:

    a.    Actual and Punitive damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT XIV
## WRONGFUL GARNISHMENT AGAINST RAS REGARDING THE SECOND WRIT OF GARNISHMENT - PROBABLE CAUSE EVAPORATED

92.     Plaintiff incorporates Paragraphs 1 through 65.

93.     Defendant, RAS, wrongfully continued a garnishment on Plaintiff's bank account at Bank of America after Plaintiff fully satisfied the judgment through a cash payment and after it failed to provide the required statutory notice to Plaintiff of her rights and thus any probable cause that may have existed evaporated. RAS acted with knowledge of the true facts and malice.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, RAS, for:

        a.     Actual and Punitive damages;

        b.     Attorney's fees, litigation expenses and costs of suit; and

        c.     Such other or further relief as the Court deems proper.

## COUNT XV
## WRONGFUL GARNISHMENT AGAINST LAVRAR REGARDING THE SECOND WRIT OF GARNISHMENT - NO LEGAL AUTHORITY TO GARNISH

94.     Plaintiff incorporates Paragraphs 1 through 65.

95.     Defendant, LaVrar, wrongfully garnished on Plaintiff's bank account at Bank of America because TD Bank was not a party to the state court action, not the Plaintiff and not the judgment holder of record, and thus had no legal authority to garnish. LaVrar acted with knowledge of the true facts and malice.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, LaVrar, for:

      a.      Actual and Punitive damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT XVI
## WRONGFUL GARNISHMENT AGAINST LAVRAR REGARDING THE SECOND WRIT OF GARNISHMENT - PROBABLE CAUSE EVAPORATED

96. Plaintiff incorporates Paragraphs 1 through 65.

97. Defendant, LaVrar, wrongfully continued a garnishment on Plaintiff's bank account at Bank of America after Plaintiff fully satisfied the judgment through a cash payment and after he failed to provide the required statutory notice to Plaintiff of her rights and thus any probable cause that may have existed evaporated. LaVrar acted with knowledge of the true facts and malice.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, LaVrar, for:

      a.      Actual and Punitive damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> don@donyarbrough.com

By: s/ Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658